JUPITER 8, INCORPORATED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jupiter 8, Inc. v. Commissioner
Docket No. 45548-86.
United States Tax Court
T.C. Memo 1988-476; 1988 Tax Ct. Memo LEXIS 484; 56 T.C.M. (CCH) 386; T.C.M. (RIA) 88476; September 28, 1988. Joseph C. Hollywood, for the petitioner. Sandy E. Freund, for the respondent. POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge:[1] This case is before the Court on petitioner's Motion for Partial Summary Judgment under Rule 121. [2] The essential question is whether Gilbert Rifkin had the authority to execute a Form 870 on August 23, 1978. The facts are as follows: On October 10, 1977, petitioner's president, Robert David Morton, executed a Form 2848 appointing Gilbert Rifkin, a CPA, as attorney-in-fact for petitioner with respect to petitioner's tax liabilities for its taxable years 1974 through 1977. Petitioner alleges that on January 9, 1978, Mr. Morton executed two Forms 2848 appointing John E. Cresson attorney-in-fact for himself personally for taxable years 1971 through *485 1976 and for petitioner for taxable years 1971 through 1976. The Form 2848 specifically revoked all other powers of attorney on file with the same Internal Revenue office for the stated years. Mr. Cresson testified that he prepared both powers of attorney and filed them with a Revenue Officer Grim in respondent's New York Collection Division's office. The copy of petitioner's "Cresson power," was never signed by Mr. Cresson, and respondent has no record of that power being filed. There is apparently no dispute, however, that with Mr. Morton's knowledge and approval Mr. Rifkin continued to represent petitioner with the Examination Division concerning the 1974 and 1975 years, and on August 23, 1978, he executed a Form 870, agreeing to substantial tax deficiencies for petitioner's 1974 and 1975 years, and on August 23, 1978, he executed a Form 870, agreeing to substantial tax deficiencies for petitioner's 1974 and 1975 tax years, and, on February 8, 1979, a Jerome D. Lebowitz, Mr. Rifkin's partner, also filed a power of attorney appointing him as attorney-in-fact. Petitioner's tax return for 1976, executed by Mr. Morton and Mr. Rifkin, was filed on Januayr 9, 1978. The deficiencies *486 shown on the Form 870 were assessed in due course. After Mr. Cresson's alleged appointment with Agent Grim, Mr. Cresson had no further contact with the Internal Revenue Service on behalf of petitioner until March, 1979, when petitioner fired Messrs. Rifkin and Lebowitz an hired Mr. Cresson. A power of attorney appointing Mr. Cresson attorney-in-fact was filed with the Internal Revenue Service on March 26, 1979. Apparently the Examination Division reopened the audit of the 1974-1975 tax years, and on September 4, 1986, a notice of deficiency was mailed determining deficiencies for 1974 and 1975 in addition to the already assessed deficiencies. As we understand, petitioner contends that Mr. Rifkin was without authority to execute the Form 870 for 1974 and 1975, and the previous assessments must be abated, that respondent then must affirmatively allege an increase in the deficiencies *487 contained in the statutory notice to obtain a decision of this Court on the issues covered by the agreement represented by the Form 870, and that respondent would have the burden of proof as to these amounts. Based on the facts stated above, petitioner has filed the motion for partial summary judgment on the issue whether Mr. Rifkin had the authority to execute the Form 870. In opposition to the motion, respondent contends that there are issues of disputed material fact -- viz, whether the Cresson power of January 9, 1978, was ever filed with the Internal Revenue Service and, if so, whether petitioner is nonetheless bound by the Form 870 executed by Mr. Rifkin. Motions for summary judgment are appropriate when "there is no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." Rule 121; Espinoza v. Commissioner,78 T.C. 412, 416 (1982). In determining whether there is a dispute of fact, the party opposing such a motion is afforded the benefit of all reasonable doubt, and any inferences from the underlying facts must be viewed in a light most favorable to the opposing party. Espinoza v. Commissioner, supra. *488 Petitioner maintains that there is no disputed fact because Mr. Cresson testified that he filed the power of attorney with respondent's representative. At the time that Mr. Cresson testified the issue before the Court was whether petitioner's motion to hold Mr. Rifkin in contempt for failure to turn over certain records should be granted. Mr. Rifkin at that time had a case before the Court that was consolidated with this case. [3] The dispute was between petitioner and Mr. Rifkin, and respondent had no cause to cross-examine Mr. Cresson. This is particularly important because respondent has no record of the Cresson power of attorney of January 9, 1978, being filed, although he has copies of all other powers. In addition, there are certain unexplained problems with Mr. Cresson's testimony. For example, Mr. Cresson testified that he personally prepared Forms 2848 for petitioner and Mr. Morton at the same time. But, a comparison of the two forms indicates that, even if the same typewriter was used, the ink is entirely different. Furthermore, while the power for Mr. Morton was signed by Mr. Cresson, the power for petitioner was not. In short, there is sufficient doubt in our *489 mind as to whether the Cresson power of January 9, 1978, was filed with respondent to deny petitioner's motion for summary judgment. [4]
An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to the provisions of section 9456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. That case was severed when Mr. Rifkin settled the dispute with respondent. ↩
4. We also noted that, even if the Cresson power were filed, respondent's argument that petitioner would be bound by the Form 870 executed by Mr. Rifkin under the principles of apparent authority or authority by estoppel still remains. See 1 Restatement, Agency 2d, secs. 8 and 8B↩ (1959). Clearly there are insufficient facts in this record to judge the merits of this argument.